UNITED STATES BANKRUPTCY COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| IN RE: | CASE NO. 13-20138 (ASD) |
| JEAN D. BACH, | CHAPTER 7 |
|     DEBTOR. | |
| | |
| LAW OFFICE OF DALE C. ROBERSON, LLC, | |
|     PLAINTIFF, | ADV. PRO. NO. 13-02017 |
| v. | RE: ECF NO. 34 |
| JEAN D. BACH, | |
|     DEFENDANT. | |

_____

APPEARANCES:

Dale C. Roberson, Esq.                              Attorney for Plaintiff
Law Office of Dale C. Roberson, LLC
25 West Road, P.O. Box 214
Ellington, CT 06029-0214

Keith K. Fuller, Esq.                                 Attorney for Defendant
Law Offices of Keith K. Fuller
141 Hazard Avenue
Enfield, CT 06082

**BRIEF MEMORANDUM OF DECISION AND ORDER ON DEBTOR-DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

ALBERT S. DABROWSKI, Chief United States Bankruptcy Judge

The instant Adversary Proceeding was commenced on April 26, 2013, by a filing of The Law Office of Dale C. Robertson, LLC through its Managing Member, Dale C. Roberson, Esq. (hereinafter, the "Plaintiff") of a complaint (hereinafter, the "Original Complaint"), ECF No. 1. Through the Original Complaint the Plaintiff sought a determination of nondischargeability pursuant to §523(a)(2) asserting, *inter alia*, that "[o]n numerous occasions, verbally and in writing, [Jean D. Bach (hereinafter, the "Debtor" or "Debtor-Defendant")] made assurances to the Plaintiff concerning her intention to pay legal fees . . . . [and] made false statements, both orally and in writing for credit, regarding her financial condition, on which the Plaintiff relied . . . ." Complaint ¶¶ 11-12.

On May 17, 2013, the Debtor-Defendant filed a *Motion for a More Definite Statement*, ECF No. 6, asserting that "the [Original] Complaint is so vague that the [Debtor-Defendant] cannot frame a responsive pleading", and requesting "specificity as to the identity and nature of all alleged written statements."[1]  The parties then filed a *Stipulation RE: Motion for More Definite Statement*" (hereinafter, the "Stipulation"), ECF No. 12, agreeing therein that the Motion for a More Definite Statement "may be granted, and that

---

[1] The Debtor-Defendant's Motion for a More Definite Statement was clearly justified as the Original Complaint's failure to cite to subsections (A) or (B) of Section 523(a)(2) created significant uncertainty. By its terms, subsection (a)(2)(A) of Section 523 excludes from its ambit any "statement" - written or oral - "respecting . . . financial condition." Therefore, unless excepted from discharge by some provision of Section 523 other than subsection (a)(2)(A), any debt induced through the use of false or fraudulent statements regarding financial condition is dischargeable. Such provision does exist - in the form of subsection (a)(2)(B) - but only for statements "in writing". Misrepresentations regarding financial condition, while relevant to §523(a)(2)(B), are not relevant or engaged in the Section 523(a)(2)(A) calculus. No provision of Section 523 creates a dischargeability cause of action for *oral* misrepresentations regarding financial condition.

Moreover, because §523(a)(2) sounds in fraud, Fed. R. Civ. P. 9(b), made applicable in bankruptcy proceedings by Fed. R. Bankr. P. 7009, requires: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

the Plaintiff shall have until June 28, 2013 to file an amended Complaint." Upon consideration of the Stipulation the Court entered its *Order Granting Motion for a More Definite Statement*, ECF No. 13, granting the *Motion for a More Definite Statement*, and Ordering the Plaintiff to file an amended Complaint on or before June 28, 2013.

On July 1, 2013, the Plaintiff filed an *Amended Complaint to Determine Dischargeability of Debt*, ECF No. 16. Reflecting the lack of clarity evident throughout the pleadings in this proceeding, the Amended Complaint variously referred to the provision under which relief was sought as "§523(2)" (sic) (p. 9 ¶(a)), "§523(a)(2)" (p. 8 ¶44), and "§523(a)(2)(A)" (on p. 7 (caption)). Like the Original Complaint, the Amended Complaint alleged that the Debtor "made assurances to the Plaintiff concerning her intention to pay legal fees . . . . [and] made false statements, false assurances, both orally and in writing for credit, *regarding her financial condition* . . . ." Amended Complaint ¶¶ 39-40 (emphasis added). The Amended Complaint provided no specificity or particularity as demanded by the Debtor's Motion for a More Definite Statement, as approved and Ordered by the Court. Moreover, notwithstanding its allegations regarding the Debtor's financial condition, §523(a)(2)(B) is nowhere referenced in the Amended Complaint.

Accordingly, on July 1, 2013, the Debtor-Defendant filed her *(Second) Motion for a More Definite Statement*, ECF No. 17, alleging, *inter alia*, "the Plaintiff has utterly failed to address the request for specificity". Motion for a More Definite Statement, p.1. Once again the matter was "resolved" between the parties and, on July 25, 2013, the Court entered its *Order Granting (Second) Motion for a More Definite Statement*, ECF No. 23, granting the *(Second) Motion for a More Definite Statement*, and Ordering the Plaintiff to file a further amended Complaint within 10 days.

On August 5, 2013, the Plaintiff filed a Second Amended Complaint to Determine the Dischargeability of Debt, ECF No. 26, which, for the first time, set forth two causes of action, the first for "false pretenses, false representation and actual fraud" pursuant to §523(a)(2)(A)[2] (Count I), and the second for "[f]alse representations as to the Debtor's financial condition" pursuant to §523(a)(2)(B)[3] (Count II). But, once again, the Second Amended Complaint provided no specificity or particularity as demanded by the Plaintiff's serial Motions for a More Definite Statement, and as repeatedly ordered by the Court.

Obviously, and quite reasonably, frustrated with the Plaintiff's repeated failures to

---

[2]   Bankruptcy Code §523(a)(2)(A) provides, in pertinent part, as follows:

(a)   A discharge under section 727 . . . of this title does not discharge an individual debtor from any debt–

\* \* \* \*

(2)   for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by —

(A)   false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition; . . .

[3]   Bankruptcy Code §523(a)(2)(B) provides:

(a)   A discharge under section 727. . . of this title does not discharge an individual debtor from any debt–

\* \* \* \*

(2)   for money, property, services or an extension . . . of credit, to the extent obtained, by–

\* \* \* \*

(B)   use of a statement in writing--

(i)   that is materially false;

(ii)   respecting the debtor's or an insider's financial condition;

(iii)   on which the creditor to whom the debtor is liable for such money, property, services, or credit reasonably relied; and

(iv)   that the debtor caused to be made or published with intent to deceive . . . .

provide specificity and particularity, the Debtor-Defendant has filed a *Motion for Summary Judgment*[4] (hereinafter, the "Motion"), ECF No. 34, supported and accompanied by a *Memorandum of Law In Support of Defendant's Motion for Summary Judgment* (hereinafter, the "Memorandum of Law"), ECF No. 34-1, a Local Rule 56(a)1 Statement (hereinafter, the "Rule 56(a)1 Statement"), ECF No. 34-1, and *the Affidavit of Jean D. Bach* (hereinafter, the "Affidavit"), ECF No. 34-2. The Plaintiff failed to file the requisite Rule 56(a)2 Statement or otherwise respond to the Motion,[5] and therefore, the facts set forth in the Debtor-Defendant's Rule 56(a)1 Statement are deemed admitted.[6]

---

[4] The Defendant has also alleged in her Motion that but for the Debtor-Defendant's Affidavit, ECF No. 34-2, requiring the consideration of evidence outside the pleadings, the case could otherwise be appropriate for dismissal under Fed. R. Civ. P. 12(b)(6), made applicable to a bankruptcy adversary proceeding by Fed. R. Bankr. P. 7012(b).

[5] The Court, of course, is fully cognizant that in deciding an unopposed summary judgment motion, the "court must still assess whether the moving party ha[s] fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." *See Vermont Teddy Bear Co., Inc. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 246 (2d Cir. 2004). "If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented*." *D.H. Blair & Co., Inc. v. Gottdiener*, 462 F.3d 95, 110 (2d Cir. 2006), quoting *Vermont Teddy Bear* at 244. Here, the Debtor-Defendant has clearly met her burden.

[6] Rule 56(a) of the Local Civil Rules of the United States District Court for the District of Connecticut (hereafter, the "Local Rule(s)"), made applicable to this proceeding by D.Conn. D.CONN. LBR 1001-1(b), supplements Rule 56(c) by requiring statements of material fact from each party to a summary judgment motion.
Local Rule 56(a), entitled "Motions for Summary Judgment", states in pertinent part as follows:

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement", which sets forth in separately numbered paragraphs . . . a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. *All material facts set forth in said statement and supported by the evidence will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.*

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied.

D.Conn. L.Civ.R. 56(a) (emphasis added).

Having now considered the files and records of this case and adversary proceeding, including, *inter alia*, the Amended Complaint, the *Defendant's Answer and Affirmative Defenses*, ECF No. 28, the *Plaintiff's Reply to Affirmative Defenses, EFC No. 29, the Motion,* Memorandum of Law, the Rule 56(a)1 Statement and the Affidavit, and noting that the Plaintiff failed to file any response to the Motion including the requisite Rule 56(a)2 Statement, the Court determines that the Debtor-Defendant has established certain facts as deemed admitted for purposes of the Motion and this proceeding, including, *inter alia*, that the Debtor-Defendant made (i) no false representations, did not contribute to false pretenses, and did not commit an actual fraud,[7] and (ii) received no money, property, services or an extension . . . of credit, by use of a statement in writing, that was materially false respecting her financial condition. Accordingly, as these facts in favor of the Debtor-Defendant preclude the Plaintiff from receiving the relief of a determination of nondischargeability in this proceeding, the Debtor-Defendant is entitled to entry of summary judgment as requested in the Motion.

---

[7]To establish that a debt is nondischargeable under § 523(a)(2)(A), a plaintiff must prove:

(1) the debtor made a false representation [or contributed to the false pretense, or committed an actual fraud];
(2) that at the time the debtor knew the representation or pretense was false, or his conduct was fraudulent;
(3) that the debtor made the representation [or contributed to the false pretense, or committed actual fraud] with the intention and purpose of deceiving the creditor or inducing the creditor to act to his or her detriment;
(4) that the creditor relied on the representation [or false pretense] to his or her detriment; and
(5) that the false representation [or false pretense, or actual fraud] was the proximate cause of the creditor's loss.

*Resolution Trust Corp. v. Roberti (In re Roberti)*, 183 B.R. 991,1005 (Bankr. D.Conn. 1995) (emphasis added) (citations omitted, bracketed language added); *see also In re Bugnacki*, 439 B.R. 12, 25 (Bankr. D.Conn. 2010).

**ORDER**

The Court having concluded that the Debtor-Defendant is entitled to summary judgment, in accordance with which,

**IT IS HEREBY ORDERED** that the *Motion for Summary Judgment*, ECF No.34, is **GRANTED** – Summary Judgment shall enter in favor of the Debtor- Defendant – the debt at issue is subject to the Debtor's discharge**.**

A judgment to this effect enters simultaneously herewith.

Dated: July 1, 2014                                                                                                   BY THE COURT

*[signature]*
Albert S. Dabrowski
Chief United States Bankruptcy Judge